UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING,

    Plaintiff,

v

CHERI LYN DEARY, an individual,

    Defendant.

_____/

Case No. _____

Honorable _____

Jackson County Circuit Court
Case No. 19-1836-CK
Honorable Richard N. LaFlamme

| | |
|---|---|
| Robert J. Finkel (P13435) | Scott R. Knapp (P61041) |
| David E. Sims (P41636) | Samantha A. Pattwell (P76564) |
| FINKEL WHITEFIELD SELIK | DICKINSON WRIGHT PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 32300 Northwestern Hwy., Ste. 200 | 215 South Washington Square, |
| Farmington Hills, MI 48334 | Suite 200 |
| (248) 855-6500 | Lansing, MI 48933-1816 |
| rfinkel@fwslaw.com | (517) 371-1730 |
| dsims@fwslaw.com | sknapp@dickinsonwright.com |
| | spattwell@dickinsonwright.com |

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Cheri Lyn Deary, by and through her attorneys, Dickinson Wright PLLC, provides notice of her removal of the above-captioned action from the Jackson County Circuit Court, State of Michigan, Case No. 19-1836-CK, to the United States District Court for the Eastern District of Michigan, Southern Division.

## Basis For Removal

1.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, as this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## The Parties

2.    Plaintiff Great Lakes Acquisition Corp. d/b/a Great Lakes Caring ("Plaintiff") initiated this action on or about April 24, 2019, by filing a Complaint (the "Complaint") in the Jackson County Circuit Court, State of Michigan. Defendant Cheri Lyn Deary was served with a copy of the Summons and Complaint, attached here as **Exhibit 1**, on May 2, 2019.

3.    In its Complaint, Plaintiff admits that it is a resident of the State of Michigan. *See* Complaint at ¶2.

4.    Ms. Deary is a Florida resident, has been a Florida resident since 2017, and was a Florida resident at the time the Complaint was filed. *See* Declaration of Cheri Lyn Deary (the "Deary Declaration"), attached here as **Exhibit 2** (showing, *inter alia*, that since 2017 Ms. Deary has resided in Florida, and intends to remain there indefinitely).

## Authority For The District Court's Jurisdiction

5.    28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6.     28 U.S.C. § 1332(a) provides, in relevant part, that the District Court shall have original jurisdiction over an action between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### The Parties Are Citizens Of Different States

7.     As required by 28 U.S.C. § 1332, Plaintiff and Ms. Deary are citizens of different states.  Plaintiff is a corporate citizen of the State of Michigan; and Ms. Deary is a citizen of the State of Florida.

### The Amount In Controversy Exceeds $75,000.00

8.     Plaintiff admits that the amount in controversy exceeds $25,000.00, exclusive of interest, costs, and attorneys fees (which is the jurisdictional minimum for Michigan state circuit courts). *See* Complaint at ¶22.

9.     However, Plaintiff also alleges, *inter alia*, that Plaintiff "has been injured and has not received the benefit of its bargain with [Ms. Deary] and is

entitled to recovery from her of the consideration paid in connection with the [April 11, 2017 Settlement and General Release Agreement]...." *Id.*

10.   The "consideration paid in connection" with that Agreement greatly exceeded $75,000. *See* Deary Declaration at ¶15.

### Procedural Requirements

11.   A true and correct copy of all process and pleadings from the state court proceedings are attached here as **Exhibit 1**.

12.   The state court in which this action was commenced is within this Court's district and division.

13.   Ms. Deary's Notice of Removal has been filed within 21 days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

14.   This Notice of Removal will be filed with the Jackson County Circuit Court, and a copy of this Notice of Removal will be served upon counsel for Plaintiff.

WHEREFORE, Defendant Cheri Lyn Deary hereby removes the above-described action now pending in the State of Michigan, Jackson County Circuit Court, to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully Submitted,

DICKINSON WRIGHT PLLC
Attorneys for Defendant, Cheri Lyn Deary

By: /s/ Scott R.  Knapp
      Scott R. Knapp (P61041)
      Samantha A. Pattwell (P76564)
Business Address:
      215 South Washington Square
      Suite 200
      Lansing, MI 48933-1816
Telephone: (517) 371-1730
sknapp@dickinsonwright.com
spattwell@dickinsonwright.com

Dated: May 22, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May, 2019, the foregoing document was served by first class mail upon the party listed below by enclosing in a sealed envelope with first class postage fully prepaid, and depositing in the United States mail addressed to:

Robert J. Finkel
FINKEL WHITEFIELD SELIK
32300 Northwestern Hwy., Ste. 200
Farmington Hills, MI  48334

/s/ Scott R.  Knapp_____
Scott R. Knapp

LANSING 88343-1 544141v2

# EXHIBIT 1

Approved, SCAO

GH

4·29·19

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

**STATE OF MICHIGAN**

4th     **JUDICIAL DISTRICT**
    **JUDICIAL CIRCUIT**     **SUMMONS**
    **COUNTY PROBATE**

CASE NO.

19- 1836 -CK

Court address: 312 S. Jackson Street, #1, Jackson, MI 49201

Court telephone no. (517) 788-4268

Plaintiff's name(s), address(es), and telephone no(s).

Great Lakes Acquisition Corp. d/b/a Great Lakes Caring
c/o Finkel Whitefield Selik
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500

v

Defendant's name(s), address(es), and telephone no(s).

Cheri Lynn Deary
1907 N. Grovedale Avenue
Jackson, MI 49203-3824

Plaintiff's attorney, bar no., address, and telephone no.

Robert J. Finkel (P13435)
David E. Sims (P41636)
Finkel Whitefield Selik
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334     (248) 855-6500

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
| 4/25/19 | 7/25/19 | Linda Samon  Deputy County Clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)   **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**Scanned with CamScanner**

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

**STATE OF MICHIGAN**
4th    JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS**

CASE NO.
19- 1836 -CK

**Court address**
312 S. Jackson Street, #1, Jackson, MI 49201

**Court telephone no.**
(517) 788-4268

Plaintiff's name(s), address(es), and telephone no(s).
Great Lakes Acquisition Corp. d/b/a Great Lakes Caring
c/o Finkel Whitefield Selik
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500

Plaintiff's attorney, bar no , address, and telephone no.
Robert J. Finkel (P13435)
David E. Sims (P41636)
Finkel Whitefield Selik
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334    (248) 855-6500

v

Defendant's name(s), address(es), and telephone no(s).
Cheri Lynn Deary
1907 N. Grovedale Avenue
Jackson, MI 49203-3824

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    [SUMMONS]

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Linda Samon

| Issue date | Expiration date | Court clerk |
| 4/25/19 | 7/25/19 | Deputy County Clerk |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)  SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**Scanned with CamScanner**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF JACKSON

GREAT LAKES ACQUISITION CORP. D/B/A
GREAT LAKES CARING,

     Plaintiff,

Case No. 19- 1836 -CK
Hon.

     Hon. Richard N. LaFlamme
     P32641

v

CHERI LYNN DEARY,

     Defendant.

FINKEL WHITEFIELD SELIK
Robert J. Finkel (P13435)
David E. Sims (P41636)
Attorneys for Plaintiff
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500
rfinkel@fwslaw.com
dsims@fwslaw.com

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

     Plaintiff, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring, through its attorneys,

Finkel Whitefield Selik, for its complaint, states as follows:

### INTRODUCTION

    1.    This is an action to remedy Defendant's breach of contract and violation of a

lawful covenant not to compete.

### THE PARTIES

    2.    Plaintiff, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring ("Great

Lakes") is a corporation duly organized and existing under Michigan law with an office and

place of business in Jackson, Michigan. Great Lakes is engaged in the businesses, *inter alia*, of

1

Scanned with CamScanner

providing home health care, hospice care, palliative care, private duty care and the sale and rental of durable medical equipment all within Jackson County, Michigan and other locations.

3. Defendant, Cheri Lynn Deary ("Deary") is, on information and belief, a resident of Jackson, Michigan who resides at 1907 N. Grovedale Avenue, Jackson, Michigan.

## THE GREAT LAKES – DEARY AGREEMENT
## AND COVENANT NOT TO COMPLETE

4. Prior to April 11, 2017, Deary was employed by Great Lakes.

5. On April 11, 2017, Deary and Great Lakes entered into a Settlement and General Release Agreement ("Deary Agreement") pursuant to which, among other things, Deary resigned her employment with Great Lakes, received a substantial payment and agreed to a number of covenants, including in Paragraph 15 specifically that for the period April 11, 2017 through and including April 10, 2019:

> Deary agrees that that she shall not directly or indirectly, either individually or on behalf of or in conjunction with another person, organization or company, engage in any self-employment, employment with any other entity, work as a consultant or independent contractor, or have full or partial ownership of any entity that provides, or consults in providing, home health care, hospice care, palliative care, private duty care or the sale or rental of durable medical equipment within the Great Lakes market area. "Great Lakes market area" shall be defined as those counties in which Great Lakes had received Medicare certification prior to December 8, 2016. ("The Covenant Not to Compete")

A copy of Deary Agreement is in the possession of Deary and Plaintiff has deliberately refrained from attaching it hereto because of the confidentiality provisions contained therein.

6. Jackson County Michigan is within the Great Lakes market area as defined in the Deary Agreement.

Scanned with CamScanner

7.     The Deary Agreement also provides:

> Exceptions to Non-Compete.  The Company does not wish to unduly interfere with Deary's ability to gain future employment outside of Great Lakes upon Deary's termination from Great Lakes. As such, the Company hereby agrees that after termination from Great Lakes, Deary may hold a position with an entity otherwise prohibited by Paragraph 15 above if her responsibilities only include direct patient care. . .

> Livelihood.  Deary acknowledges that her education, experience and abilities are such that she can obtain other employment in the health care and related fields, other than those positions prohibited by this Agreement. She further acknowledges that the judicial enforcement of a remedy to enforce this Agreement will not prevent her from earning a livelihood during the two-year Non-Solicitation/Non-Compete covenant contained above. . .

> Irreparable Harm.  Deary acknowledges that the home health care, hospice, and HME industry is very competitive and that any violation of this Agreement by her will likely cause irreparable harm and loss of goodwill to the Company. Deary further acknowledges that such harm could not be adequately compensated by an award of money damages. Deary hereby agrees that if she breaches, or threatens or attempts to breach, any part of this Agreement, the Company shall be entitled to immediate preliminary and permanent injunctive relief, without bond, or a decree of specific performance of this Agreement, in addition to any additional remedies and relief that would be available to the Company.

## DEARY VIOLATES THE COVENANT NOT TO COMPETE

8.     On information and belief, or about November 9, 2018, Deary willfully violated the Covenant Not to Compete by participating in the formation and subsequent operation of Careline Health Group-MI, LLC ("Careline"), an entity located in Jackson, Michigan.

9.     On information and belief, Careline provides hospice care in Jackson County, in direct competition with the Plaintiff, within Great Lakes market area.

10.     A copy of Careline's Articles of Organization show Deary's status as registered agent for Careline and is attached hereto as **Exhibit A.**

3

Scanned with CamScanner

11.     In addition, Deary is using her own residence address as the location listed for Careline's registered office. Id.

12.     The position of registered agent for Careline does not involve direct patient care.

13.     By reason of the foregoing, Deary has violated the Deary Agreement covenant not to compete.

(The foregoing shall be referred to as the "Competitive Acts".)

14.     Great Lakes has duly performed all its obligations under the Deary Agreement.

### COUNT I – BREACH OF CONTRACT – NON-COMPETITION

15.     Plaintiff repeats and realleges here paragraphs 1 through 14 of this complaint as if set forth in full herein.

16.     Deary freely entered into the Deary Agreement in exchange for which she received a substantial payment.

17.     By reason of the foregoing Competitive Acts Deary has breached the Deary Agreement.

18.     As a proximate result of Deary's violation of her contractual obligations, Great Lakes has been and will continue to be irreparably damaged and injured.

19.     Great Lakes has no adequate remedy at law for Deary's actions which harm its competitive standing and goodwill, and its damages are severe and are incapable of exact proof.

20.     Deary will, on information and belief, unless restrained preliminarily and permanently, continue to violate Great Lakes' rights and to ignore her contractual obligations.

21.     Accordingly, a preliminary and permanent injunction restraining and enjoining Deary from continuing her unlawful actions should issue.

Scanned with CamScanner

22.     Due to the Competitive Acts, Great Lakes has been injured and has not received the benefit of its bargain with Defendant and is entitled to recovery from her of the consideration paid in connection with the Deary Agreement, in an amount to be proven at trial in excess of $25,000.00 exclusive of interests, costs and attorney's fees.

WHEREFORE, Plaintiff demands judgment of Defendant a) preliminarily and permanently enjoining Defendant from breaching the Deary Agreement Covenant Not to Compete; b) awarding it is damages and costs and expenses of this action including reasonable attorney's fees; and c) granting such other and further relief as the court may deem proper.

Respectfully,

FINKEL WHITEFIELD SELIK

Dated: April 24, 2019

Robert J. Finkel (P13435)
David E. Sims (P441636)
Attorneys for Plaintiff
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500
rfinkel@fwslaw.com
dsims@fwslaw.com

R \0706 001\Complaint-FINAL docx

Scanned with CamScanner

↩ **Document will be returned to the name and address you enter above.** ↪
If left blank, document will be returned to the registered office.

## ARTICLES OF ORGANIZATION
### For use by Domestic Limited Liability Companies
(Please read information and instructions on reverse side)

*Pursuant to the provisions of Act 23, Public Acts of 1993, the undersigned executes the following Articles:*

**ARTICLE I**

The name of the limited liability company is:  Careline Health Group - MI, LLC

**ARTICLE II**

The purpose or purposes for which the limited liability company is formed is to engage in any activity within the purposes for which a limited liability company may be formed under the Limited Liability Company Act of Michigan.

# NOTICE TO PLAINTIFF
## AND/OR PLAINTIFF'S ATTORNEY

1.  You must serve a copy of this notice and the case scheduling order with the summons and complaint.

2.  You must file a proof of service within 91 days showing that the case scheduling order has been served on the defendant.

3.  Failure to file a proof of service may result in dismissal or imposition of costs.

Honorable Richard N. LaFlamme
Circuit Judge


Copies of this notice and the case scheduling order were provided to the person who filed the complaint.

Linda Samon
Deputy County Clerk

Dated: 4-25-19

Deputy Court Clerk


19 - 1836 CK

Scanned with CamScanner

± 
## CASE SCHEDULING ORDER
### (CF, CH, CK, CR, CZ, PD)

| Event | Date | Time |
|---|---|---|
| Pre-Trial | Friday, December 13, 2019 | 10:30 a.m. |
| Trial | Wednesday, January 8, 2020 | 8:30 a.m. |

Pursuant to MCR 2.301(A) and MCR 2.401(B)(2):

**The Michigan Supreme Court has provided the following direction to Trial Courts.** Civil proceeding – 75% of all cases should be adjudicated within 1 year of case filing, 95% within 18 months, and 100% within 2 years, except for individual cases in which the Court determines exceptional circumstances exist, and for which a continuing review should occur. *Administrative Order 2003-7*

1. **Pretrial Conference.** The parties are expected to be present at the pretrial or available by telephone. Attorneys are expected to be present in Court. This is NOT a settlement conference. Parties are encouraged to arrange mediation prior to the final pre-trial.

2. **Witness Disclosure.** All of plaintiff's witnesses must be disclosed three months from the date the Complaint was filed. All of defendant's witnesses must be disclosed four months from the date the Complaint was filed. Witness lists must be in the form provided by MCR 2.401(I) and shall be filed with the Court.

3. **Discovery.** Discovery shall be completed three months after the case is filed. The parties may extend discovery by written agreement between themselves, without the necessity of a Court Order, up to the date of the final pre-trial.

4. **Medical Examinations.** Any medical examination required shall be completed no later than three months before trial and opposing counsel may have one month from receipt of the report to complete the discovery deposition of the examiner. If the report is not exchanged within two months of trial the witness will <u>not</u> be allowed to testify at trial.

5. **Exhibits.** Exhibits must be exchanged no later than three weeks prior to trial. If no objections are filed within seven days of trial, the exhibits will be admitted into evidence unless good cause is shown for the late objection. Each party submitting exhibits must file a Proof of Service listing the exhibits that have been exchanged, but the exhibits should <u>not</u> be filed with the Court. Any objection must refer to the specific exhibit and must set forth the reason for the objection. Any exhibits not disclosed will not be admitted and any objection not filed will be deemed waived, unless good cause is shown for the lack of compliance with this Order.

6. **Extending Deadlines.** Deadlines for witness disclosure for medical examinations, discovery, and exhibits may be extended by written stipulation provided the changes do not effect the pretrial or trial dates. The agreement should be in writing but does not have to be confirmed in a Court order.

7. **Jury Instructions.** Requested jury instructions shall be filed seven (7) days before trial, and a copy shall be e-mailed simultaneously in Word format to pclark@co.jackson.mi.us. Instructions shall be listed by title and number and shall specify those instructions to be given at the onset of the trial and those instructions to be given at the conclusion of proofs. Trial Briefs shall be filed by noon on the Friday before trial.

Scanned with CamScanner

8.   **Amending Case Scheduling Order.** A motion to amend shall be filed as soon as possible and shall contain proposed dates for modification and facts showing good cause.

9.   **Service of Case Scheduling Order.** The Plaintiff must serve this Order with the Summons and file a Proof of Service. If an attorney appears in this case after the issuance of this Order, Plaintiff shall serve a copy of this order on the attorney within 14 days of receipt of the attorney's Appearance and/or Answer.

10.  **Motions.** When scheduling a motion, an additional copy of both the motion and notice of hearing should be sent directly to the Judge. Civil motions scheduled for a specific date to be arranged with the Judge's secretary, (517) 788-4365.

11.  **Motions for Summary Disposition:** If a Motion for Summary Disposition is noticed for hearing less than 28 days prior to the scheduled trial date, I may not decide the Motion until the conclusion of the trial.

12.  **Trial Procedures.** If attorneys plan on publishing exhibits to the jury, they are expected to have individual copies for all jurors if practicable. Trial exhibits should be labeled prior to the start of the trial.

13.  **Sanctions.** Failure of either party to comply with this Order, may result in sanctions against the offending party and/or counsel, including attorney fees, and may result in dismissal of the case or default.

14.  **Decorum.** Attorneys, litigants, and witnesses are expected to dress appropriately for court. Shorts and tank tops are not considered appropriate attire for adults.

Hon. Richard N. LaFlamme
Circuit Court Judge

Updated 9-1-2011

2

**Scanned with CamScanner**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING,

        Plaintiff,

v

CHERI LYN DEARY, an individual,

        Defendant.

Case No. _____

Honorable _____

Jackson County Circuit Court
Case No. 19-1836-CK
Honorable Richard N. LaFlamme

_____/

| | |
|---|---|
| Robert J. Finkel (P13435)<br>David E. Sims (P41636)<br>FINKEL WHITEFIELD SELIK<br>Attorneys for Plaintiff<br>32300 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI  48334<br>(248) 855-6500<br>rfinkel@fwslaw.com<br>dsims@fwslaw.com | Scott R. Knapp (P61041)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Defendant<br>215 South Washington Square,<br>Suite 200<br>Lansing, MI 48933-1816<br>(517) 371-1730<br>sknapp@dickinsonwright.com |

_____/

**DECLARATION OF CHERI LYN DEARY IN
SUPPORT OF HER NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1746, I, Cheri Lyn Deary, declare as follows:

    1.    I am the defendant in the above-referenced matter.  I make this

Declaration based upon my personal knowledge, and am competent to testify to the

matters set forth herein.

2.     In the Complaint, Plaintiff alleges "on information and belief," that I am "a resident of Jackson, Michigan who resides at 1907 N. Grovedale Avenue, Jackson, Michigan."   Complaint at ¶3.   That allegation is untrue. Beginning in November 2017, and at all times since then, I have been a resident of the State of Florida.

3.     Since November 2017, I have resided in Ft. Lauderdale, FL. Since that time, it has always been my intention to remain indefinitely a resident of Florida.  Also since that time, I have never had any intention to reside in any other state.

4.     I live in Florida, in a residence that I own, and Florida is the center of my social and civil life.

5.     In 2018, I secured a Florida driver's license, and registered to vote in Florida.

6.     Prior to the filing of the Complaint, I registered my car in Florida.  I have a Florida license plate, and insure the car in Florida.

7.     Prior to the filing of the Complaint, I began the process of amending my estate planning documents (e.g. my will, trust, durable power of attorney and advance directives for healthcare), and they have been drafted to reflect my permanent residency in Florida.

2

8.    My private equity investment agreements, both as an investor and as an operating partner, show my residence to be Florida.

9.    With regard to my federal income tax filings, in both 2017 and 2018, I declared that I am a resident of Florida.  (Florida does not have a state income tax.)

10.   The billing address for my utilities, other services, and the like is and has been 757 SE 17th St., Suite 1256, Ft. Lauderdale, FL  33316.

11.   I attend St. Sebastian church in Ft. Lauderdale, FL.

12.   I own a recreational boat which is registered in Florida.

13.   In February 2019 (prior to the filing of the Complaint), through my legal counsel, I informed Plaintiff in writing (for purposes of notice under an existing contractual relationship) that I permanently reside in Florida.

14.   I do not reside in Michigan; I have no place of employment in Michigan; and I belong to no social organizations in Michigan.  My personal lawyer and investment advisor are not located in Michigan.  The center of my social life is in Florida, not Michigan.

15.   The Complaint makes reference to the Settlement and General Release Agreement.  Complaint at ¶5.  Plaintiff seeks recovery of the consideration

paid by Plaintiff to me with regard to that Agreement. Complaint at ¶22. The consideration paid to me with regard to that Agreement greatly exceeds $75,000.


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this __17__ day of May, 2019.


_____
Cheri Lyn Deary


LANSING 88343-1 544155v2

4