UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING,

    Plaintiff,

v

CHERI LYN DEARY, an individual,

    Defendant.

Case No. 2:19-cv-11502-LJM-RSW

Honorable Laurie J. Michelson

Jackson County Circuit Court
Case No. 19-1836-CK
Honorable Richard N. LaFlamme

_____/

| | |
|---|---|
| Robert J. Finkel (P13435)<br>David E. Sims (P41636)<br>FINKEL WHITEFIELD SELIK<br>Attorneys for Plaintiff<br>32300 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br>(248) 855-6500<br>rfinkel@fwslaw.com<br>dsims@fwslaw.com | Scott R. Knapp (P61041)<br>Samantha A. Pattwell (P76564)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Defendant<br>215 South Washington Square,<br>Suite 200<br>Lansing, MI 48933-1816<br>(517) 371-1730<br>sknapp@dickinsonwright.com<br>spattwell@dickinsonwright.com |

_____/

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant Cheri Lyn Deary, by and through her attorneys, Dickinson Wright PLLC, and for her Motion to Dismiss, hereby states:

1. Plaintiff Great Lakes Acquisition Corp. d/b/a Great Lakes Caring ("Plaintiff") filed a Complaint against Ms. Deary alleging a single cause of action: breach of the Non-Compete provision contained in the parties' Settlement Agreement and General Release (the "Agreement").

2. However, the Complaint fails to allege conduct in violation of the express terms of the Agreement, and thus fails to state a claim upon which relief may be granted.

3. For those reasons more specifically set forth in the accompanying Brief in Support, Ms. Deary seeks an order of dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

4. Pursuant to LR 7.1, there was a conference between counsel for the parties in which counsel for Ms. Deary explained to counsel for Plaintiff the nature of this Motion and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, Defendant Cheri Lyn Deary respectfully requests that this Honorable Court grant Defendant's Motion, and enter an order dismissing with prejudice Plaintiff's Complaint, and awarding to Defendant her costs, attorney fees, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

DICKINSON WRIGHT PLLC
Attorneys for Defendant, Cheri Lyn Deary

By: /s/ Scott R. Knapp
    Scott R. Knapp (P61041)
    Samantha A. Pattwell (P76564)
Business Address:
    215 South Washington Square
    Suite 200
    Lansing, MI 48933-1816
Telephone: (517) 371-1730
sknapp@dickinsonwright.com
spattwell@dickinsonwright.com

Dated: May 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2019, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Scott R. Knapp
Scott R. Knapp

LANSING 88343-1 544421v2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING,

    Plaintiff,

v

CHERI LYN DEARY, an individual,

    Defendant.

Case No. 2:19-cv-11502-LJM-RSW

Honorable Laurie J. Michelson

Jackson County Circuit Court
Case No. 19-1836-CK
Honorable Richard N. LaFlamme

_____/

Robert J. Finkel (P13435)
David E. Sims (P41636)
FINKEL WHITEFIELD SELIK
Attorneys for Plaintiff
32300 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 855-6500
rfinkel@fwslaw.com
dsims@fwslaw.com

Scott R. Knapp (P61041)
Samantha A. Pattwell (P76564)
DICKINSON WRIGHT PLLC
Attorneys for Defendant
215 South Washington Square, Suite 200
Lansing, MI 48933-1816
(517) 371-1730
sknapp@dickinsonwright.com
spattwell@dickinsonwright.com

_____/

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Cheri Lyn Deary, by and through her attorneys, Dickinson Wright PLLC, hereby files her Brief in Support of Motion to Dismiss.

## CONCISE STATEMENT OF ISSUE PRESENTED

Plaintiff has not alleged (because it cannot): 1) that Defendant has ever had any ownership interest in Careline Health Group – MI, LLC ("Careline"), an entity that allegedly competes with Plaintiff; 2) that Defendant has ever been employed by Careline; and/or 3) that Defendant has ever worked as a consultant or independent contractor for Careline. The non-compete at issue in this case expressly proscribes only those activities. Given its failure to allege conduct by Defendant in violation of the express terms of the parties' agreement, has Plaintiff failed to state a claim for breach of contract upon which relief may be granted?

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT

1. Fed. R. Civ. P. 12(b)(6)

2. *United Rentals (North Am.), Inc. v. Keizer*, 355 F.3d 399 (6th Cir. 2004)

## I. INTRODUCTION

Effective April 18, 2017, Plaintiff Great Lakes Acquisition Corp. d/b/a Great Lakes Caring ("Plaintiff") and Defendant Cheri Lyn Deary entered into a Settlement and General Release Agreement (the "Agreement"). The Agreement contains a non-compete provision, which required Ms. Deary to refrain from certain specifically-enumerated actions in competition with Plaintiff.

In its Complaint, Plaintiff alleges that Ms. Deary engaged in two "Competitive Acts," in purported breach of the Agreement. However, neither of the alleged "Competitive Acts" are actually proscribed by the Agreement. Because non-compete agreements must be construed narrowly, Plaintiff's failure to allege conduct in actual violation of the express terms of the Agreement is fatal to Plaintiff's breach of contract claim. As such, the Complaint should be dismissed with prejudice.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

On April 24, 2019, Plaintiff filed its Complaint in Jackson County Circuit Court, asserting a single cause of action: breach of the "Non-Compete" provision of the Agreement. Complaint, ECF No. 1; PageID.10-14. The Non-Compete provision was effective for two years: from April 18, 2017, to April 18, 2019.[1] The Non-Compete provision, in relevant part, states:

---

[1] The Agreement contains confidentiality provisions which prohibit its attachment here. However, Plaintiff possesses the Agreement, and has referenced same in its

4

> For two (2) years following the Effective Date, Deary agrees that she shall not directly or indirectly, either individually or on behalf of or in conjunction with another person, organization or company, engage in any self-employment, employment with any other entity, work as a consultant or independent contractor, or have full or partial ownership of any entity that provides, or consults in providing, home health care, hospice care, palliative care, private duty care or the sale or rental of durable medical equipment within the Great Lakes market area.

Agreement at ¶15; *see also* Complaint at ¶5, ECF No. 1; PageID.11 (quoting the Non-Compete provision, but omitting the first clause, which reveals the duration -- now expired -- of the restrictive covenant).

The Complaint alleges that Careline Health Group-MI, LLC ("Careline") is in direct competition with Plaintiff. Complaint at ¶9, ECF No. 1; PageID.12. Plaintiff further alleges that "[o]n information and belief, or [sic] about November 9, 2018, Deary willfully violated the Covenant Not to Compete by participating in the formation and subsequent operation of Careline...." *Id.* at ¶8, ECF No. 1; PageID.12. And Plaintiff alleges:

> A copy of Careline's Articles of Organization show Deary's status as registered agent for Careline.... In addition, Deary is using her own residence address as the location listed for Careline's registered office...By reason of the foregoing, Deary has violated the...covenant not to compete.

---

Complaint. Thus, citation to its terms and provisions are permissible in the context of a Rule 12(b)(6) motion. *Amini v. Oberlin College*, 259 F.3d. 493, 502 (6th Cir. 2001).

5

Complaint at ¶¶10, 11 and 13, ECF No. 1; PageID.12-13.

The original November 9, 2018 Articles of Organization for Careline did, in fact, name Cheri Lyn Deary as the resident agent; and used 1907 N. Grovedale Avenue, Jackson, MI -- Ms. Deary's former residence -- as the location of the registered office. *See* November 9, 2018 Articles of Organization, attached here as **Ex. 1**.[2] However, Careline corrected its public filing on December 7, 2018 -- more than four months before the Complaint was filed -- to remove Ms. Deary as the nominal resident agent, and to name Joseph Mead as the proper resident agent. *See* December 7, 2018 Certificate of Change of Registered Office and/or Change of Resident Agent, attached here as **Ex. 2**. The address of Careline's registered office was likewise corrected to properly reflect 113 West Michigan Avenue, Suite 102, Jackson, Michigan, with a mailing address of PO Box 884, Jackson, Michigan. *Id.* Careline's current Michigan Licensing and Regulatory Affairs public filings likewise reflect Careline's resident agent as Joseph Mead, and its registered office mailing address as PO Box 884, Jackson, Michigan. *See* attached as **Ex. 3**.

On May 22, 2019, Ms. Deary filed her Notice of Removal, removing the case to this Court from the Jackson County Circuit Court. *See* Notice of Removal, ECF No. 1; PageID.1-23.

---

[2] Public filings may properly be cited and utilized in the context of a Rule 12(b)(6) motion. *Amini*, 259 F.3d at 502.

6

## III. LEGAL ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of the Complaint where Plaintiff has failed "to state a claim upon which relief can be granted." The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the [C]omplaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must construe the Complaint "in favor of the plaintiff, ... and determine whether plaintiff's factual allegations present plausible claims." *Mapal, Inc. v. Atarsia and YG-1 USA, Inc.*, 147 F.Supp.3d 670, 676 (E.D. Mich. 2015). The Complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The Federal Rules demand "more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The "plausibility standard requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Mapal*, 147 F.Supp.3d at 676 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that

7

the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B. **Plaintiff has failed to state a claim upon which relief may be granted.**

1. **Ms. Deary's temporary status as Careline's nominal resident agent does not state a claim for breach of the Agreement.**

The Complaint alleges that on or about November 9, 2018, Ms. Deary was named as the resident agent of Careline, an alleged direct competitor of Plaintiff. *See* Complaint at ¶¶8-13, ECF No. 1; PageID.12-13.[3] For reasons unknown, Plaintiff fails in its Complaint to note that Careline removed Ms. Deary as the nominal resident agent on December 7, 2018 (several months *before* the Complaint was filed). *See* **Ex. 2.** Nonetheless, Plaintiff asserts that merely being named (for a total of 28 days) a resident agent for an allegedly competing entity is a "Competitive Act" constituting a breach of the Agreement's Non-Compete provision. *See* Complaint at ¶¶13-17, ECF No. 1; PageID.13.

As an initial matter, a resident agent is appointed by a Michigan limited liability company… *to receive mail*. Mich. Comp. Laws § 450.4207(2). Plaintiff has not alleged that Ms. Deary ever received any mail directed to Careline during

---

[3] For context only, and though not relevant to disposition of the instant Motion, should she be called upon to do so, Ms. Deary would testify that she was unaware that she had been named Careline's resident agent, and she was initially named the resident agent only as a result of third-party error.

8

the 28 days she was the nominal resident agent. Nor does Plaintiff allege how it could possibly have been harmed by Ms. Deary -- as opposed to, say, the CT Corporation -- being named the resident agent. Without injury resulting from the alleged breach, there can be no cause of action for breach of contract. *See Miller-Davis Co. v. Ahrens Construction, Inc.*, 495 Mich. 161, 178; 848 N.W.2d 95 (Mich. 2014) (to establish breach of contract, a party must prove, *inter alia*, "resulting...damages to the party claiming breach.").

But moreover, the actual terms of the Non-Compete provision in the Agreement govern that which is proscribed. Non-competition agreements "are disfavored as restraints of commerce...." *Mapal*, 147 F.Supp.3d at 677 (citation and quotation omitted). And, thus, "Michigan law commands the courts to narrowly construe restrictive covenants." *Id.* (citation and quotation omitted); *see also United Rentals (North Am.), Inc. v. Keizer*, 355 F.3d 399, 408 (6th Cir. 2004) (same). A "non-competition provision can be narrow or broad, depending on the specific language of the agreement." *United Rentals*, 355 F.3d at 410 (interpreting a Michigan non-compete agreement under Michigan law).

Here, reduced to its essence, the Non-Compete provision of the Agreement expressly prohibits Ms. Deary (directly or indirectly) from:

1. Engaging in any employment or self-employment with a competing entity;

9

2. Working as a consultant or independent contractor with a competing entity; or

3. Having any ownership interest in a competing entity.

*See* Complaint at ¶5, ECF No. 1; PageID.11.

With decided understatement, being named as Careline's resident agent for 28 days (even if that *was* done with Ms. Deary's knowledge and consent) is not a proscribed activity. As such, Plaintiff has not plausibly stated a claim for breach of contract.

### 2. Ms. Deary's alleged other "Competitive Act" does not state a claim for breach of the Agreement.

As stated above, nowhere in the Complaint does Plaintiff allege – because, as a matter of fact, it cannot – that Ms. Deary has ever worked for, consulted for, been employed by, or had any ownership interest in Careline. Indeed, in addition to the 28 days Ms. Deary was nominally Careline's resident agent, the only other alleged "Competitive Act" asserted in the Complaint reads: "On information and belief,… Deary willfully violated the Covenant Not to Compete by participating in the…operation of Careline…." Complaint at ¶8, ECF No. 1; PageID.12. That's it; nothing more.

Again, the provisions of the non-compete must be narrowly construed. *See Mapal*, 147 F.Supp.3d. at 677; *United Rentals*, 355 F.3d at 408. And even if the unsupported allegation that Ms. Deary "participated in the operation of Careline"

10

was true, it's not expressly prohibited by the Agreement. As such, Plaintiff has failed to state a claim for breach.

But moreover, Plaintiff's Complaint suffers from the precise infirmities prohibited by *Iqbal* and *Twombly*. In a single clause of a single sentence, Plaintiff makes only the "naked assertion" that Ms. Deary "participated" in Careline's "operation," which assertion is wholly devoid of any "further factual enhancement." *Cf. Iqbal*, 556 U.S. at 678. The Complaint does not allege *how* or *when* Ms. Deary "participated," or even the type of "operation" in which she allegedly participated.[4] Plaintiff cannot articulate any such facts because none exist. But regardless, *Twombly* and its progeny require dismissal of a complaint where, as here, Plaintiff can muster no more than the naked assertion, and has failed to meet the plausibility requirements mandated by those cases.

---

[4] Defendant notes that Plaintiff does not allege that Ms. Deary is *currently* "participating in the operation" of Careline. And while Ms. Deary would testify, if necessary, that she *never* participated in Careline's operation, the lack of a Complaint allegation as to any current or continuing breach of the Agreement is nonetheless telling. For if Plaintiff cannot allege a currently-existing "participation" breach, and given that Careline long ago removed Ms. Deary as its nominal resident agent, what exactly is Plaintiff seeking to enjoin? *Cf.* Complaint, ECF No. 1; PageID.14 (Plaintiff seeking preliminary and permanent injunctions enjoining Ms. Deary from breaching the (now-expired) non-compete agreement).

11

## IV. CONCLUSION

For the foregoing reasons, Defendant Cheri Lyn Deary respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint, and award to Ms. Deary her costs, attorney fees, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

DICKINSON WRIGHT PLLC
Attorneys for Defendant, Cheri Lyn Deary

By: /s/ Scott R. Knapp
    Scott R. Knapp (P61041)
    Samantha A. Pattwell (P76564)
Business Address:
    215 South Washington Square
    Suite 200
    Lansing, MI 48933-1816
Telephone: (517) 371-1730
sknapp@dickinsonwright.com
spattwell@dickinsonwright.com

Dated: May 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2019, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Scott R. Knapp
Scott R. Knapp

LANSING 88343-1 544394v3