UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.
d/b/a/ GREAT LAKES CARING,

      Plaintiff,

v.

CHERI LYN DEARY,

      Defendant.

Case No. 19-11502
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8]

When Cheri Lyn Deary left her job at Great Lakes Caring ("Great Lakes"), a business providing home health care, she did not walk out empty-handed. Great Lakes paid Deary "in excess of six figures" upon her departure in April 2017 and, in exchange, Deary signed an employment agreement that included a covenant not to compete. (ECF No. 7, PageID.83.)

Several months later, Great Lakes noticed something suspicious. A November 2018 filing with the State of Michigan showed the formation of a new health care company named Careline Health Group-MI, LLC ("Careline"). (ECF No. 7, PageID.90.) Cheri Lyn Deary was the company's resident agent. (*Id.*) And her home address was the company's registered office. (*Id.*) After seeing this, Great Lakes filed a lawsuit against Deary seeking an injunction and money damages for violation of the employment agreement. (ECF No. 1, PageID.13–14; ECF No. 7, PageID.87) In response to the suit, Deary filed a motion to

dismiss for failure to state a claim upon which relief can be granted. (ECF No. 3.) Great Lakes amended the complaint but Deary says it still fails to state a claim. (ECF No. 8.) For the reasons discussed below, this Court will grant Deary's motion and dismiss the suit.

In deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "need not, however, accept unwarranted factual inferences." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Great Lakes' original complaint included 22 paragraphs and an exhibit, which was a copy of Careline's articles of organization with Deary's name listed as the registered agent. (ECF No. 1.) The complaint also excerpted the covenant not to compete, which required Deary not to "engage in any self-employment, employment with any other entity, work as a consultant or independent contractor, or have full or partial ownership of any entity" in the region for two years in fields such as "home health care, hospice, care, [and] palliative care"—the core businesses of Great Lakes. (ECF No. 1, PageID.11; ECF No. 7, PageID.83.) Deary filed a motion to dismiss, asserting that neither her status as Careline's

resident agent nor her alleged participation in the operation of Careline stated a claim for breach of contract. (ECF No. 3, PageID.36–39.)

Soon after, Great Lakes filed an amended complaint that included the previous material as well as nine new paragraphs. (ECF No. 7.) The new complaint detailed that Careline was owned by Joseph Mead (Deary's son-in-law), that Mead had no experience in the industry, and that Mead nevertheless created the company. (ECF No. 7, PageID.84–85.) Additionally, the complaint contained six other fresh allegations:

> 12.    Upon information and belief, Mead established Careline with Deary's aid and assistance.
>
> 13.    Upon information and belief, but for Deary's aid and assistance Mead would not have been able to establish and operate Careline. . . .
>
> 17.    Upon information and belief, Deary has been directly and indirectly assisting Careline in competing with Great Lakes in violation [of] the Covenant not to Non-Compete [sic].
>
> 18.    Upon information and belief, Deary acted as the agent of Careline in violation of the Covenant not to Non-Compete [sic].
>
> 19.    Upon information and belief, Deary has provided formal or informal consulting services to Careline in violation of the Covenant not to Non-Compete [sic].
>
> 20.    Upon information and belief, Careline, with Deary's assistance, has solicited Great Lakes' prospective patients and engaged in direct competition with Great Lakes.

(ECF No. 7, PageID.85.)

Deary filed a second motion to dismiss, in which she contends that none of these "information and belief" paragraphs constitute well-pleaded factual allegations. (ECF No. 8, PageID.107–110.)[1]

Indeed, the Sixth Circuit has held that statements based on "information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013). Such allegations are "naked assertions devoid of further factual enhancement," *id.* (quoting *Iqbal*, 556 U.S. at 678), which "contribute nothing to the sufficiency of the complaint," *id.* "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) (affirming dismissal of a suit based partly on allegations pleaded "upon information and belief").

Great Lakes disputes the validity of that case law. (ECF No. 11, PageID.155–156.) The company responds with a citation to an out-of-jurisdiction opinion, which allowed for pleadings based on "information and belief" in situations where "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted). Great Lakes also notes that

---

[1] Great Lakes argues that the six exhibits attached to Deary's motion are improperly before the Court at this stage. (ECF. No. 11, PageID.14.) Regardless of whether some exhibits are public records and thus capable of consideration on a motion to dismiss, the Court did not rely on any of them to reach its decision.

the quotation was cited by at least one case in this District. *See Wood v. Dow Chem. Co.*, 72 F. Supp. 3d 777, 783 (E.D. Mich. 2014).

But even under that approach, Great Lakes' complaint would not survive dismissal. The allegations in *Wood* were not simply conclusory because they were based on "specific instances of conduct" that were "supported by a factual explanation." *Id.* at 789. And well-pleaded "information and belief" allegations, like those in *Arista Records*, had "relevant dates, specific identifications of the products or services at issue, and detailed accounts of how particular statutes were violated." *Leapers, Inc. v. First Quality Distributors, Inc.*, No. 11-15058, 2012 WL 1714938, at *9 (E.D. Mich. 2012); *see also El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 737–38 (6th Cir. 2015) (explaining that "first-hand observations" may be sufficient to state a claim whereas allegations based on "only [one's] own beliefs" fall short).

Here, Great Lakes says that Deary assisted Mead in establishing Careline, solicited patients away from the Great Lakes, and provided consulting services to Careline. But the company's complaint largely lacks first-hand observations. There are no facts explaining the assistance, identifying any solicited customers, or describing the consulting services. In other words, the complaint neither presents "factual information that makes the inference of culpability plausible" nor an explanation as to why such information would be "peculiarly within the possession" of Deary. *Arista Records*, 604 F.3d at 120. Whether Deary solicited one of Great Lakes' customers, for instance, is a fact that the company could have verified—not something that should be pleaded based upon "information and belief" with no mention of who, when, where, or how. Ultimately, the "information and

belief" paragraphs here fit the definition of conclusory allegations rather than well-pleaded facts. *See Conclusory*, Black's Law Dictionary (11th ed. 2019) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based"); *see also Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

Therefore, the well-pleaded facts before the Court are few: Deary served as the registered agent for Careline, which is a company owned by her son-in-law (who is alleged to lack experience). Great Lakes has failed to state a claim, responds Deary, because merely being listed as a registered agent is not a breach of the covenant not to compete. (ECF No. 8, PageID.105–107.)

The Court agrees with Deary. Under Michigan law, every limited liability company ("LLC") must appoint a Michigan resident to be a resident agent "upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served." MCL § 450.4207(1)–(2). Although Great Lakes is correct that an LLC cannot transact business in Michigan without a resident agent (ECF. No. 11, PageID.145–146), the Court is unaware of any language that a resident agent must be an employee or member of the company (or even that she must receive payment). Great Lakes does not articulate how Deary, solely by being authorized to accept service of process for Careline, engaged in a contractually forbidden practice of "self-employment," "employment with any other entity," "work as a consultant or independent contractor," or "ownership" of a company that competed with Great Lakes. Although the complaint implies that Deary maneuvered

behind the scenes to help her inexperienced son-in-law, Great Lakes does not plead that Deary was employed by the company. Nor does the complaint state facts plausibly alleging that Deary worked as a consultant for the company or owned the company.

In conclusion, Great Lakes has merely pleaded that Deary was a resident agent for Careline. And Deary's status as a registered agent for Careline does not breach the contract that she signed. It might be troubling that Deary's name showed up on the articles of organization for a new health care company in Michigan. Yet, even accepting Great Lakes' factual allegations as true, one can only speculate—which is not enough to make out a plausible claim to relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

For the reasons discussed above, Deary's motion to dismiss is GRANTED. (ECF No. 8.) The case is dismissed WITHOUT PREJUDICE, and Great Lakes can re-file if it gathers the necessary facts to state a claim upon which relief can be granted.

SO ORDERED.

Dated:  October 4, 2019

s/Laurie J. Michelson_____
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE